PROVO STV, J.
This is a rule to tax .costs. The suit itself was for partition. The defendant denied the title of plaintiff and .called his vendors in warranty. On appeal to this court, the following judgment was rendered.
“It is therefore ordered, adjudged, and decreed that tlie judgment appealed from be set aside, and that there be judgment recognizing Walter J. Suthon as owner of one undivided half of that part of lot 5, section 30, township 13 south, range 10 east, north of Bayou Grue, parish of St. Mary, and ordering a partition in kind of said land; and that this case be remanded for effecting said partition, and for further trial on defendant’s demand in warranty, with instructions to the lower court to enter judgment in favor of the defendant, F. C. Viguerie, against Ms warrantors, Mrs. Emma Brownson and J. S. Martel, jointly, for whatever portion of the price of the sale by said warrantors to the defendant may be found to be attributable to the one-half interest involved in this suit; and that the defendant pay all the costs of this suit, except those strictly pertaining to the partition, which are to be paid in the usual course.”
After this judgment had been recorded in the lower court, no further steps were taken in the case until the filing of the present rule to .tax costs. The warrantor Mrs. Brownson was not cited. J. Sully Martel answered that costs are a mere statutory incident to judgment, and that as yet no judgment had been rendered against him, although the right of the defendant in suit and plaintiff in warranty to recover same had been recognized. The court gave plaintiff judgment in solido against Viguerie and Martel, and gave Viguerie judgment for like amount against Martel, and the latter has appealed. His defense should have been sustained. In the exactly similar case of Suthon v. Laws, 132 Da. 211, 61 South. 205, this court said:
“As yet there is no judgment against the warrantors. Costs simply follow judgment; and none can be due until judgment has been rendered.”
In so far as against J. Sully Martel, therefore, the judgment appealed from is set aside, and the plaintiff’s rule is dismissed at his cost in both courts.